IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DAVID BROXTON,** )<br>)<br>**Movant,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** ) | **CIVIL ACTION NO. 5:07-0759**<br>**(Criminal No. 5:05-0008)** |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and incarcerated at FCI Gilmer, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on November 26, 2007.[1] (Document No. 119.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 121.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 14, 2005, Movant pled guilty to Count One of the Indictment in Criminal Action No. 5:05-0008 charging him with conspiracy to distribute a quantity of cocaine and a quantity of marijuana for remuneration in violation of 21 U.S.C. § 846. (Criminal Action No. 5:05-0008, Document Nos. 76, 77, and 79.) Movant was sentenced on September 27, 2005. (Id., Document Nos. 90 and 93.) The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level of 29, having increased the offense level to 32 because Movant was a career offender

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and granted a three-level downward adjustment for acceptance of responsibility. (Id., Document Nos. 91 and 93.) The District Court ordered that Movant serve a 188-month term of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his sentence to the Fourth Circuit Court of Appeals. On February 28, 2006, the United States filed a Motion to Reduce Sentence Pursuant to Rule 35. (Id., Document No. 98.) By Amended Judgment entered on April 13, 2006, the District Court reduced Movant's sentence to "120 months with credit for time served" to be followed by a three-year term of supervised release. (Id., Document No. 109.)

On November 26, 2007, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:07-0759, Document No. 119.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Denial of due process of the laws and his constitutional rights to a fair and speedy trial, in violation of the Fifth and Sixth Amendment;" (2) Ineffective assistance of counsel; and (3) Breach of the plea agreement. (Id., pp. 21 - 30.) Movant, therefore, requests that the Court "vacate the original sentence imposed, and resentence him within the original guidelines without the use of his prior infamous crimes, which was not listed in the Movant's indictment and which the government promised not to use against him."[2] (Id., p. 31.)

---

[2] There is no evidence that the United States agreed that Movant's criminal history would not be considered at sentencing or that Movant's sentence could not exceed 37 months. The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Criminal Action No. 5:05-0008, Document No. 79, pp. 1 - 2.) The plea agreement stated at ¶ 10 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (*Id.*, p. 4.) Furthermore, the plea agreement stated at ¶ 12 that "[t]his written agreement constitutes the entire agreement between the United States and Mr. Broxton in this matter." (*Id.*)

## **ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Movant's sentence was imposed by Judgment Order filed on October 12, 2005, and his sentence became final ten days later when he did not file a Notice of Appeal (October 26, 2005).[3] On November 26, 2007, approximately one year and one month after the one year period expired,

---

[3] Although Movant's sentence was reduced pursuant to Rule 35 on April 13, 2006, the undersigned finds that Movant's conviction and sentence became final on October 26, 2005. Title 18 U.S.C. § 3582(b) provides that notwithstanding the fact that a sentence can be modified pursuant to subsection (c), corrected pursuant to Rule 35, or modified pursuant to section 3742, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *also see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001)(stating that "Congress did not intend for Fed. R. Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes"); *Potter v. United States*, 2007 WL 749674 (E.D.Va. Mar. 5, 2007)(rejecting "petitioner's argument that his conviction did not become final until disposition of the government's Rule 35(b) motion for a reduction of petitioner's sentence").

Movant filed the instant Motion raising issues respecting matters in Criminal No. 5:05-0008. Movant's Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient

to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal Courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter.[4] Accordingly, Movant's Section 2255 Motion must be dismissed as untimely.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 119.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

---

[4] Concerning his claims of error, Movant explains that he "was ignorant to their existence and he didn't know the legal procedures to raise any of them until now." (Civil Action 5:07-0759, Document No. 119, p. 18.) Movant asserts that the limitations period does not bar his action because "[t]he individual petitioner after diligently studying and searching his case has realized, with the help of others, that the issues complained, and once recognized the faults with, is presenting them to this Honorable Court." (*Id.*, p. 20.) As stated above, ignorance of the law is not a valid basis for equitable tolling.

5

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*.

Date: September 27, 2010.

R. Clarke VanDervort
United States Magistrate Judge